ZHOA YU LI, Petitioner,

v.

Michael B. MUKASEY, Attorney General of the United States,* Respondent.

No. 07–1670–ag.

United States Court of Appeals, Second Circuit.

Dec. 5, 2007.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Michael Brown, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Mary Jane Candaux, Assistant Director; Rosanne M. Perry, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present: WALKER, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhoa Yu Li, a citizen of the People's Republic of China, seeks review of a March 30, 2007 order of the BIA affirming the November 2, 2005 decision of Immigration Judge ("IJ") Sandy Hom denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhoa Yu Li,* No. A 98 715 449 (B.I.A. March 30, 2007), *aff'g* No. A 98 715 449 (Immig.Ct.N.Y.City, Nov. 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also, e.g., Iouri v. Ashcroft,* 487 F.3d 76, 81 (2d Cir.2007)(quoting section 1252(b)(4)(B)). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ As an initial matter, by failing to raise relevant arguments in his brief to this Court regarding several of the findings upon which the IJ based his adverse credibility determination, Li has waived any challenge to those findings. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Nonetheless, a review of the record in this case indicates that the agency's adverse credibility finding was supported by substantial evidence.

The IJ and BIA reasonably found that Li's testimony was inconsistent regarding when he was arrested. Although he initially testified that he was arrested on September 16, 1999, and specifically stated that this was the only time he was arrested, he later testified that he was also arrested on June 25, 2004. Because Li provided non-responsive answers when asked why he had not mentioned the 2004 arrest during his earlier testimony, the IJ reasonably concluded that he failed to explain this material inconsistency. *Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Further, the BIA accurately noted that although Li mentioned the June 2004 arrest in his asylum application, he made no mention of the September 1999 arrest in his application. Because these inconsistencies and omissions concerned a central element of Li's asylum claim, they were plainly "material to his claim of persecution," *Zhou Yun Zhang,* 386 F.3d at 74, and "substantial" when measured against the record as a whole, *Secaida–Rosales v. Immigration and Naturalization Service,* 331 F.3d 297, 307 (2d Cir.2003). Therefore, the IJ properly relied on these inconsistencies as a basis for his adverse credibility determination.

Li's demeanor is difficult for us to judge on a written record, and we therefore ac-

cord the IJ's findings in this regard particular deference. *See, e.g., Tu Lin v. Gonzales,* 446 F.3d 395, 401 (2d Cir.2006). The BIA reasonably relied on the facts that when Li was: (1) questioned about why he failed to mention the June 2004 arrest earlier in his testimony; (2) asked what type of Falun Gong materials the cadres discovered in his house; and (3) questioned about the Falun Gong exercises he performs, he was non-responsive or hesitant. The IJ also reasonably observed that Li appeared to be "regurgitating from a script." Although the IJ failed to provide specific examples to support this latter finding, we nonetheless defer to the judgment of the IJ regarding Li's demeanor. *See Tu Lin v. Gonzales,* 446 F.3d 395, 401 (2d Cir.2006).

Based on these two factors alone, the agency's adverse credibility finding is supported by substantial evidence. *See Sanusi v. Gonzales,* 445 F.3d 193, 201 (2d Cir. 2006). Accordingly, the denial of Li's asylum claim was supported by substantial evidence.

Moreover, because the only evidence of a threat to Li's life or freedom, or a likelihood of his being subjected to torture, depended upon his credibility, the adverse credibility determination necessarily precludes success on his claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a

---

stay of removal in this petition is DISMISSED as moot.